## TERRITORY OF NEW MEXICO v. JAMES COPELY.

INDICTMENT DOES NOT CHARGE TWO OFFENSES, WHEN.—An indictment charging that the defendant "did frequent and keep a gaming table, commonly known as monte, at which said gaming table the said, etc., did then and there play with cards the said game, commonly, etc., with various persons then and there being, whose names are to the grand jurors aforesaid unknown," etc., alleges but one offense, that of keeping a gaming table, and can not be quashed for duplicity.

APPEAL from the district court for Grant county. The case appears from the opinion.

*T. F. Conway, attorney-general,* for the appellant.

*C. P. Clever,* for the appellee.

By Court, JOHNSON, J.:

This defendant was indicted at the November term, 1872, of the district court for the county of Grant. The charging part of the indictment alleges that he " did frequent and keep a gaming table, commonly known as monte, at which said gaming table the said James Copely did then and there play with cards the said game, commonly known as monte, with various persons then and there being, whose names are to the grand jurors aforesaid unknown; the said gaming table then and there being a banking game, against the form of the statute," etc. The court below, on motion of

the defendant, quashed the indictment for alleged duplicity, and from this judgment the plaintiff, by her district attorney, appeals.

The question to be determined here is whether the indictment charges the defendant, in the count, with the commission of more than one offense, or, in other words, is the indictment double in the count? The offense undertaken to be charged in this indictment is forbidden by section 3, page 400, Revised Statutes, which is as follows: "If any person shall frequent or keep, a gaming table of any kind whatever, such as faro, monte, pass-faro-pass-monte, twenty-one, or any other banking game, by whatsoever name known, on conviction thereof, he shall be fined in any sum not less than twenty-five dollars nor exceeding one hundred dollars." According to the terms of this section, to frequent a gaming table of a banking game is one offense, and to keep such table is another offense; and either offense has the same punishment prescribed as the other. As the verb to frequent means "to visit often, to resort to often or habitually," and the succeeding section inflicts a fine of not less than five nor more than twenty-five dollars upon any person who "shall bet at any gaming table, embraced in the next preceding section," it seems that to set out or charge the offense of frequenting, such language should be employed as would indicate visitations or a habitual resorting to such table, in order, at least, to distinguish it from single betting, and furthermore, to charge the offense of frequenting, it is necessary to allege who was the keeper of the table frequented; or, if it was kept by a person or persons to the grand jurors unknown, to so allege, as it is certainly not the intendment of the statute to confound the two offenses, nor to punish a person for frequenting a table kept by himself, much less at the same time to punish him for frequenting and keeping the same table.

This indictment, although the word frequent is used in connection with the word keep, joined by the conjunction and, charges but the one offense, viz., the keeping of a gaming table, in adequate terms, the frequenting being barely referred to by one word, and not in terms sufficient

to set out or charge the offense of frequenting such gaming table. Hence the words "frequent and" being unnecessary to charge the offense of keeping a gaming table, should be rejected as surplusage, and the defendant required to answer to the charge of keeping a gaming table: See Bish. Crim. Proc., sec. 194.